**Edmond L. JACKSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18099.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 14, 1964.

Decided April 9, 1964.

Mr. James M. Johnstone, Washington, D. C., with whom Mr. Donald C. Beelar, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. Martin R. Hoffmann, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Miss Barbara A. Lindemann, Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, BASTIAN and BURGER, Circuit Judges.

DANAHER, Circuit Judge.

This appellant was indicted with two others [1] all of whom were charged with housebreaking (D.C.Code § 22–1801 (1961) ) and grand larceny (D.C.Code § 22–2201 (1961) ). Appellant and one Lollar were acquitted on the housebreaking count, but both were convicted of grand larceny. Appellant contends principally that he was entitled to an acquittal on the larceny count because of insufficiency of the evidence. Actually, the case presents no new question.

A few days before April 29, 1963, this appellant entered "The Wig Shoppe" on Columbia Road. The proprietor waited upon him, answering his questions about the texture and the cost of wigs. Appellant expressed an interest in owning a wig for use in an act he performed as a dancer. The proprietor testified that he "discouraged" the appellant from trying on a wig and that appellant left the shop without buying.

About midnight on April 29, 1963, three men were seen standing in front of "The Wig Shoppe" in the display window of which were three wigs, one black, one red and one platinum blonde. Dykes broke the window and was observed as he removed some objects from within. The police were notified. Taking a witness with them in a cruiser, the officers within a few minutes came upon the three co-defendants [2] and called to them to stop. The appellant stood behind a parked car and shook the front of his jacket. Investigating immediately, an officer found at the spot where the appellant had been standing a black wig which was later identified as having come

---

1. No appeals by the co-defendants, Dykes and Lollar, are now before us. Dykes was found guilty on both counts.

2. Dykes had wrapped his hand in a red-stained white cloth.

from the wig shop. The three co-defendants were placed in the back seat of the police car. Arriving at the precinct, the red wig was found in the car. At the precinct, Dykes was searched and the platinum blonde wig was found concealed in his underwear.

At the precinct following the arrest of the appellant, the proprietor identified Jackson as the man who had been in the store inquiring about the possible purchase of a lady's wig. Appellant seems to think that the evidence of Jackson's earlier visit to the shop "showed at most only a general interest in wigs," testimony which was prejudicial because "well calculated to arouse any latent jury prejudice against a man who would seek to try on women's wigs." We deem the contention more ingenious than substantial. Such contacts with the appellant and observation of him by the proprietor on two occasions so closely related in point of time was competent not only on the score of identification, but relevant to the jury's consideration of the appellant's motive.

The jury might well have concluded that not every day does a man evince an interest in acquiring a lady's wig, only thereafter to be so intimately connected with the breaking of the window and the snatching of the three wigs. That such wigs might have been discovered by the appellant on the occasion of his visit to the store to have substantial value could have had some bearing on the division of the loot into three equal parts. Or so the jury might have concluded with the black wig shaken from under the appellant's coat at the point where it was picked up by the officer, the platinum blonde wig concealed by Dykes in his underclothing whence he could not shake it loose, and the red wig in the police car where Lollar had been seated with the others.

We do not have the benefit of whatever explanation the appellant might have offered if he had testified. In the circumstances we find no absence of support for the conclusion of the trial judge that the motion for acquittal should have been denied. The evidence amply sustains the verdict of the jury.

We see no need to go into greater detail, for we find no error in respect of the foregoing or other contentions which we have fully considered.

Affirmed.